UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 20-60091-CIV-ALTMAN/HUNT

HOUSTON SPECIALTY
INSURANCE COMPANY,

        Plaintiff,

  v.

DAVID FENSTERSHEIB,
et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before this Court on Plaintiff's Motion for Leave to File Unsealed Dispositive Motion Briefing, ECF No. 129. The Honorable Roy K. Altman referred the instant motion to the undersigned for a report and recommendation. ECF No. 141; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough and careful review of the Motion, the Response and Reply thereto, the record, the applicable law, the hearing that took place on December 16, 2021, and being otherwise fully advised in the premises, the undersigned recommends that Plaintiff's Motion, ECF No. 129, be GRANTED in part for the reasons set forth below.

## BACKGROUND

This action arises from a coverage dispute under Houston Specialty Insurance Company's ("Plaintiff") Policy for Fenstersheib Law Group's and Robert Fenstersheib's ("Defendants") liability in *Beth Israel Outpatient Surgical Center, LLC, et al. v. Fenstersheib Law Group, P.A., et al.*, Consolidated Case No. CACE-19-15541 and

CACE-19-0-18545 (Fla. 17th Cir. Ct. 2019) (the "underlying litigation").  ECF No. 76. Defendants served a notice of claim on Plaintiff and Plaintiff denied coverage.  ECF No. 94.  In the underlying litigation, Defendants requested that Plaintiff provide a defense and indemnification.  ECF No. 94.  Plaintiff issued a reservation of rights and this coverage action followed.  ECF No. 94.

Throughout this litigation, the Parties engaged in multiple discovery disputes regarding the 2017 Kaufman Rossin Report ("2017 KR Report") and the 2019 Kaufman Rossin Report ("2019 KR Report").  This Court ordered both reports to be produced subject to an agreed-upon confidentiality agreement.  ECF Nos. 105, 127.  Once again, the two reports are the subject of another motion (as well as other documents), as Plaintiff now moves this Court to allow it to file unsealed dispositive motion briefing and exhibits. ECF No. 129.  Defendants filed a Response in opposition and Plaintiff filed a Reply to Defendants' Response.  ECF Nos. 134, 135.

## DISCUSSION

*Parties' Arguments*

Plaintiff moves this Court to allow it to file unsealed documents that have been deemed confidential by Defendants.  Specifically, Plaintiff seeks to file unsealed copies of the following documents: the 2017 KR report, the 2019 KR report, the Global Settlement Agreement in the underlying case, the proof of loss issued to Phoenix Insurance Company ("Travelers"), Travelers' disclaimer to Fenstersheib, and the deposition transcript of Robert J. Fenstersheib taken in the underlying case.  Plaintiff claims that these documents are relevant to key arguments in its upcoming motion for summary judgment.  Plaintiff maintains that the fact that the statement of material facts

2

and memorandum of law refer to the documents at issue is not proper justification for the briefing to be sealed.  Plaintiff argues that Defendants cannot satisfy the exceedingly high burden to require that the briefing be sealed, thereby denying public access to the materials, simply because Defendants' reputation may be harmed.

Defendants respond that they have no objection to Travelers' disclaimer being filed without seal but maintain that the other documents are all confidential and privileged.  Defendants argue that good cause is the proper standard when deciding whether a motion should be sealed.  Defendants argue that the documents at issue all contain private information of non-parties to the lawsuit.  Defendants claim that the reports contain Fenstersheib client names, closing statements, and other personal and confidential information that should be kept under seal not only for Defendants' benefit but also for the benefit of the former clients.  Regarding the deposition, Defendants claim that the deposition was done in compliance with a court order and a confidentiality agreement and thus should not be public.  Regarding the confidential global settlement agreement negotiated in the underlying action, Defendants contend that Plaintiff participated in the settlement discussions and agreed to the confidentiality of the settlement.  Defendants also argue that this agreement should be kept confidential to protect another party to the agreement (the Bauer party).  Next, Defendants contend that the proof of loss submitted to Travelers should not be filed without seal because it contains personal and proprietary information of Mr. Wihlborg, Defendants' former employee who is accused of mishandling clients' funds, as well as trade secrets of Defendant Fenstersheib P.A.

Plaintiff replies that Defendants have not met their burden of showing good cause or exceptional circumstances to warrant the sealing of the documents.  Next, Plaintiff

3

argues that the trial court in the underlying action determined that the 2017 KR Report was not work product, and even if it was, Defendants waived the privilege through disclosure to several non-parties. These parties include Travelers, the Florida Bar, law enforcement, and Plaintiff's underwriter. In an attempt to accommodate Defendants' objections, Plaintiff agrees to redact the identification number of any clients in the 2017 KR report and represents that it does not intend to attach any of the exhibits in the 2019 KR report that may identify clients. Regarding the global settlement agreement, Plaintiff admits that it consented to the settlement pursuant to the Parties' insurance contract. However, it is not a party to the agreement and Plaintiff alleges that the agreement is at the heart of the substantive issues the Court must address. Plaintiff argues that the agreement does not include any personal or protected information as the copy produced by Defendants is already redacted.

The Court held a hearing on the Motion on December 16, 2021. During the hearing, counsel for both Parties seemed to indicate that there was room for resolution regarding a few of the documents. The undersigned ordered the Parties to confer and submit to Chambers via email any resolutions consistent with the representations made by both Parties during the hearing.

*Resolved Issues*

The Parties informed the Court that they resolved the disputes regarding the following documents:

1. Regarding Defendants' proof of loss, Plaintiff agreed to file only the 3-page proof of loss and the following two pages, the cover page and 1 page of Exhibit A to the proof of loss.

4

2. Regarding the Travelers Policy, the Parties agreed that the document does not need to be sealed.

3. Regarding Robert J. Fenstersheib's deposition, the Parties agreed that the following pages are not confidential and do not need to be sealed: cover pages and pages 9-22, 24-26, 34-35, 47, 50, 63-67, 70-73, 81-82, 97-102, 118-121, 125, and 205-206.

<u>Analysis on the Remaining Unresolved Issues</u>

""[T]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Ryzhov v. Mayorkas*, No. 21-23478-CIV-BLOOM/OTAZO-REYES, 2021 WL 4480222, at *1 (S.D. Fla. Sept. 30, 2021). There is also a "common law presumption that judicial records are public documents." *Matheison v. Am. Media*, *Inc.*, No. 05-80823-CIV-MIDDLEBROOKS/JOHNSON, 2006 WL 8433676, at *2 (S.D. Fla. April 27, 2006).

The Eleventh Circuit has stated the following in regard to whether a document is a judicial record and should be open to the public:

> [W]hen applying the common-law right of access federal courts traditionally distinguish between those items which may properly be considered public or judicial records and those that may not; the . . . public presumptively ha[s] access to the former, but not to the latter. The test for whether a judicial record can be withheld from the public is a balancing test that weighs the competing interests of the parties to determine whether there is good cause to deny the public the right to access the document.
>
> . . .
>
> [R]elevant factors to consider, includ[e] whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, [and] whether access is likely to promote public understanding of historically significant events.

5

> . . .
>
> [M]aterial filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right. The rationale for the distinction was that this "more refined approach" was necessary to account for the unique function discovery serves in modern proceedings.
>
> . . .
>
> The overwhelming majority of documents disclosed during discovery are likely irrelevant to the underlying issues and will not be "heard or read by counsel" or "by the court or other judicial officer." Thus, we had ample reason in *Chicago Tribune* to exempt materials attached to discovery motions from the presumption of public access while retaining that presumption for materials that invoke "judicial resolution of the merits," such as complaints, motions to dismiss, or motions for summary judgment.

*F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 63 (11th Cir. 2013) (internal citations and quotations omitted).

Further, "[t]he parties' stipulation as to 'confidentiality' during discovery and agreement now as to which documents 'should' be filed under seal does not in any way bind this Court, nor does it provide an adequate basis for the extraordinary measure of sealing documents that the parties seek to file in Court. Absent such a showing, court files are to remain accessible to the public." *Matheison*, 2006 WL 8433676, at *2.

Here, turning to the 2017 and 2019 KR Reports, Plaintiff contends that the Reports are crucial to its claims because the Reports detail the scheme of Wihlborg's theft and go directly to Plaintiff's claims of prior knowledge. Defendants counter that the information contained is confidential because it contains names of clients, depicts the scheme of fraud and theft, qualifies as work product, and is only relevant to a few of the claimants in this action. Defendants also raised concern that the Reports detailed Defendant Fenstersheib

6

P.A.'s trust account policies and procedures, whether those policies and procedures were followed, and whether as a result of the scheme they needed to be changed. The undersigned finds that the 2017 and 2019 KR reports are necessary for Plaintiff to establish its claims and Defendants' privacy interest does not outweigh the public's right to access the documents. However, the undersigned agrees with Defendants to the extent that certain information such as client names, bank account numbers, IOTA numbers, and any other personal information should be redacted from both Reports. The undersigned agrees with the state trial court that the 2017 KR report is not privileged and further finds that the 2019 KR report is not privileged.

Regarding the global settlement agreement in the underlying action, Plaintiff argues that the Court must review the entire agreement to determine that Defendants did not allocate damages. Defendants contend that the agreement need not be attached as an unsealed exhibit because if all that Plaintiff is referencing is the amount of damages and whether they were allocated, then those issues could be resolved by stipulation. Defendants state that the damages were not allocated and there is no dispute about that. The undersigned finds that if Plaintiff's need for filing the settlement agreement can be satisfied by stipulation, then Plaintiff should resolve the issue by stipulation. Should a stipulation not resolve the issue, then the settlement agreement should be filed but only to the extent that is necessary. Therefore, the only portion of the agreement that should be filed, if necessary, is the portion that details the settlement amount and whether it was allocated. Any other information contained in the agreement, in the undersigned's view, is irrelevant.

In sum, the undersigned recommends that Plaintiff's Motion to Unseal be GRANTED in part to the extent that the 2017 and 2019 KR Reports should be filed with proper redaction; the confidential settlement agreement excerpt regarding damages should be filed in the event the Parties cannot resolve the issue with stipulations; and the documents the Parties agreed on via conferral should be filed without seal consistent with their agreements.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Plaintiff's Motion to Unseal, ECF No. 129, be GRANTED in part as follows:

1. Plaintiff shall file without seal only the 3-page proof of 'oss and the following two pages: the cover page and page 1 of Exhibit A.

2. The Travelers Policy may be filed without seal.

3. Plaintiff may file the following pages of Robert J. Fenstersheib's deposition without seal: the cover page, 9-22, 24-26, 34-35, 47, 50, 63-67, 70-73, 81-82, 97-102, 118-121, 125, and 205-206.

4. Plaintiff may file the 2017 and 2019 KR Reports without seal. However, Plaintiff shall redact personal information such as client names, bank account numbers, IOTA numbers, and any other personal information.

5. The Parties should confer and stipulate regarding the settlement amount and whether the amount was allocated.  This should alleviate any need to file the confidential agreement.  However, if the Parties are unable to do so, Plaintiff shall file only the portion of the settlement agreement that details the amount of settlement and whether the amount is allocated.

6. The Motion Briefing should be filed unsealed and unredacted.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida this 21st day of January 2022.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Roy K. Altman
All Counsel of Record