UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60091-CIV-ALTMAN/Hunt

HOUSTON SPECIALTY
INSURANCE COMPANY,

    *Plaintiff*,

v.

DAVID J. FENSTERSHEIB, and
FENSTERSHEIB LAW GROUP, P.A.,

    *Defendants*.

_____/

## DEFENDANTS' STATEMENT OF MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Defendants, David S. Fenstersheib[1] and Fenstersheib Law Group, P.A., (collectively "Fenstersheib"), pursuant to Fed. R. Civ. P. 56, incorporate the Parties Joint Statement of Material Facts [D.E.157], and file their Statement of Material Facts in Support of their Motion for Summary Judgment, filed contemporaneously herewith, as follows:

    1.    When Fenstersheib initially learned of Mr. Wihlborg's theft, he told his longtime friend and colleague Brian Bauer.  Aug. 31, 2020 Deposition of Robert J. Fenstersheib at 11:10-17, excerpts attached as Ex. A.

    2.    Mr. Bauer recommended that Fenstersheib hire attorney Albert Frevola, Esq. who represented Bauer on various matters and who could collectively help the parties pursue third party banking institutions for enabling Mr. Wihlborg's scheme.  Fenstersheib Dep. (Ex. A) at 205:2-15; Frevola Dep. [D.E. 96-2] at 22:18-23:1; 23:24-24:14; 119:22-120:1. Assured that they would work

---

[1] David J. Fenstersheib appears to be a scrivener's error, as David S. Fenstersheib is the correct name of the individual defendant.

it out together, Mr. Frevola was retained, and a conflict waiver executed. *See* Frevola Retainer and Conflict Waiver (FLG 1966-FLG 1976 CONFIDENTIAL), attached as Ex. B; Frevola Letter to the Florida Bar; *see also* Fenstersheib Dep. (Ex. A) at 196:4-10; 196:21-197:10; 197:22-198:1; 198:17-20; Frevola Dep. [D.E. 96-2] at 75:1-7.

3. The parties continued working together cooperatively to pursue third parties until the summer of 2018 when the relationship soured. Fenstersheib Dep. (Ex. A) at 215:8-216:4; *Underlying Compl.* [D.E. 76-1] at ¶103.

4. Prior to that, Fenstersheib did not reasonably foresee that a claim would be made by the Bauer Plaintiffs. Fenstersheib Dep. (Ex. A) at 215: 8-216:4.

5. In June 2018, Mr. Bauer's personal counsel wrote to Mr. Frevola requesting a tolling agreement. At this first notice of a potential claim against Fenstersheib, Fenstersheib's professional liability insurer, HSIC, was placed on notice.[2] *See* June 21, 2018 Letter to Riemer Insurance Group, [D.E. 34-1] at 35-52.

6. Of the seventeen Bauer Plaintiffs who sued Fenstersheib in *Beth Israel Outpatient Surgical Center, LLC, et al. v. Fenstersheib Law Group, P.A., et al.*, Case No. CACE-19-15541 (17th Judicial Circuit in and for Broward County, Fla., Complex Civil Div.), ten were labeled the "Theft Plaintiffs": Beth, Israel, Rehab Center of Hollywood, Rehab Center of Plantation, Kendall Spine, MedAssist, Prestige, Orthopedic and Spine Center, Palm Coast, Premier Orthopedic, and Mediquip. *Underlying Compl.*[D.E. 76-1] at ¶ 31.

7. The theft perpetuated by Mr. Wihlborg implicated approximately $2.3 million owed to the "Theft Plaintiffs." *Id.* at ¶ 105.

---

[2] HSIC issued a claims made and reported Professional Liability insurance policy to "Law Offices of Robert J. Fenstersheib & Associates P.A." as the Named Insured, which incepted on 09/01/2017 through 09/01/2018, and was renewed on 09/01/2018 through 09/01/2019.

8. The remaining seven "Non-Theft Plaintiffs": Broward Outpatient Medical Center, LLC, Broward Outpatient Urgent Care, LLC, Center for Neurosurgical Excellence, LLC, Complete Rehab and Medical Centers of Pompano, Inc., Complete Rehab and Medical Centers of West Palm Beach, Inc., Hollywood Rehab and Medical Center, LLC, Central Spine and Orthopedics Center, LLC. *Id.*

9. Only two of the eight counts for monetary relief in the Underlying Complaint allege damages arising out of or related to the Wihlborg theft. *Id.* at Count I and Count II. The remaining causes of action are for breach of fiduciary duty (Count III), Constructive Fraud (Count IV), Negligence (Count V), Negligent Retention (Count VI), Breach of Contract (Count VII), and Promissory Estoppel (Count VIII). *Id.*

10. The crux of these allegations are that Fenstersheib violated a fiduciary relationship owed to the non-theft plaintiffs under Florida Bar Rules 5-1(e) and 5-a(f). *Id.* at ¶¶44-45, 143-45, 153-155. As such, Fenstersheib was required to protect and act as a trustee over the monies deposited in the firm's trust account, but owed to the non-theft plaintiffs. *Id.* at ¶¶42-47, 143-45, 153-55. But due to Fenstersheib's alleged negligence and alleged breach of its fiduciary duties (as well as its contractual obligations), money owed to the non-theft plaintiffs was not paid to them, but was instead distributed to clients, the law firm, or deposited into the court's registry through interpleader actions. *Id.*

11. Not all the monies the underlying plaintiffs sought to recover in the Underlying Action was stolen by Michael Wihlborg or anyone else. *See* HSIC's Response to Request for Admission at 9 and 11 [D.E. 30-1] at 4-5; Corporate Representative Deposition of John Jennings at 30:2-9, attached as Ex. C.

CASE NO. 20-60091-CIV-ALTMAN/Hunt

12. Indeed, many of the medical providers in the underlying action did not allege that Mr. Wihlborg stole any money from them at all. ] HSIC Response to Request for Admission [D.E. 30-1] at No. 10.

13. On August 19, 2019, Fenstersheib renewed its request for a defense and indemnity, attaching the Underlying Complaint, at which time HSIC agreed to provide a defense under a reservation of rights, as the negligence counts brought the claim within coverage. Jennings Dep. (Ex. C) at 57:22-58:17.

14. HSIC subsequently voluntarily agreed to defend a separate lawsuit called the "Patient Action," brought by the Bauer Plaintiffs against Fenstersheib's former clients, even though no HSIC insured was a party to that suit. *Patient Action Compl.* [D.E. 76-1]; Feb. 19, 2021 Letter from HSIC, [D.E. 124-5] ; Feb. 19, 2021 e-mail exchange between P.C. Deruelle and M. Vargas [D.E. 124-6].

15. During the time that HSIC provided the defense, it was privy to all settlement negotiations, and consented to the terms of the settlement. Jennings Dep. (Ex. C) at 52:9-13; Apr. 23, 2021 e-mail from M. Meiler to S. Bahadoran, attached as Ex. D.

CASE NO. 20-60091-CIV-ALTMAN/Hunt

Respectfully Submitted,

VER PLOEG & MARINO, P.A.
100 S.E. Second Street, Suite 3300
Miami, FL 33131
305-577-3996
305-577-3558 *facsimile*

/s/ Michal Meiler
**Stephen A. Marino, Jr.**
Florida Bar No. 79170
smarino@vpm-legal.com
jpacheco@vpm-legal.com
**Michal Meiler**
Florida Bar No. 86522
mmeiler@vpm-legal.com
*Counsel for Defendants David S. Fenstersheib and Fenstersheib Law Group, P.A.*

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF on this 27th day of January 2022 on all counsel of record on the Service List below.

/s/ Michal Meiler
**Michal Meiler**

CASE NO. 20-60091-CIV-ALTMAN/Hunt

**SERVICE LIST**

Sina Bahadoran
Michele A. Vargas
Clyde & Co. US LLP
1221 Brickell Avenue
Suite 1600
Miami, Florida 33131
Telephone: (305) 446-2646
Facsimile: (305) 441-2374
sina.bahadoran@clydeco.us
michele.vargas@clydeco.us
*Counsel for Plaintiff Houston Specialty Insurance Company*

Stephen A. Marino, Jr.
Michal Meiler
Ver Ploeg & Marino, P.A.
100 S.E. Second Street
Suite 3300
Miami, FL 33131
305-577-3996
305-577-3558 *facsimile*
smarino@vpm-legal.com
mmeiler@vpm-legal.com
jpacheco@vpm-legal.com
*Counsel for Defendants David S. Fenstersheib and Fenstersheib Law Group, P.A.*