UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60091-CIV-ALTMAN/Hunt

HOUSTON SPECIALTY
INSURANCE COMPANY,

    *Plaintiff*,

v.

DAVID FEINSTERSHEIB *and*
FENSTERSHEIB LAW GROUP, P.A.,

    *Defendants*.

_____/

## ORDER

The Plaintiff filed a Motion for Leave to File Unsealed [ECF No. 129]. The Court referred that Motion to United States Magistrate Judge Patrick M. Hunt. Magistrate Judge Hunt issued a Report and Recommendation [ECF No. 152] (the "R&R"), in which he determined that the Motion should be granted in part. In short, Magistrate Judge Hunt recommended that (1) the 2017 and 2019 KR Reports should be filed with proper redaction; (2) the confidential settlement agreement excerpt regarding damages should be filed in the event the parties cannot resolve the issue themselves; and (3) the documents the parties agreed on via conferral should be filed without seal consistent with their agreements. R&R at 8. Magistrate Judge Hunt also warned the parties as follows:

> Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); see Thomas v. Arn, 474 U.S. 140 (1985).

*Id.* at 9. More than fourteen days have passed, and neither side has objected. In fact, the Plaintiff has since filed its Motion for Summary Judgment [ECF No. 156], which, from our review, appears consistent with Magistrate Judge Hunt's ruling.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law, we find no clear error on the face of the R&R. Accordingly, we hereby **ORDER AND ADJUDGE** as follows:

1. The R&R [ECF No. 152] is **ACCEPTED and ADOPTED** in full.
2. The Motion for Leave to File Unsealed [ECF No. 129] is **GRANTED in part and DENIED in part** as follows:
    a. The Plaintiff may file without seal only the three-page proof of loss and the following two pages: the cover page and page 1 of Exhibit A.
    b. The Travelers Policy may be filed without seal.
    c. The Plaintiff may file the following pages of Robert J. Fenstersheib's deposition without seal: the cover page, 9–22, 24–26, 34–35, 47, 50, 63–67, 70–73, 81–82, 97–102, 118–21, 125, and 205–06.

        d. The Plaintiff may file the 2017 and 2019 KR Reports without seal. But the Plaintiff shall redact personal information such as client names, bank account numbers, IOTA numbers, and any other personal information.

        e. The parties should confer and stipulate regarding the settlement amount and whether the amount was allocated. If the Parties are unable to reach an agreement, the Plaintiff shall file only the portion of the settlement agreement that details the amount of the settlement and whether the amount is allocated.

        f. The parties' briefs shall be filed unsealed and unredacted.

3. The Motion to Intervene [ECF No. 147] is **DENIED as moot**. Non-Party Beth Israel Outpatient Surgical Center LLC may re-file its Motion to Intervene if a dispute remains regarding the confidentiality of the settlement agreement.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 15th day of February 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record