UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 20-60091-CIV-ALTMAN/HUNT

HOUSTON SPECIALTY
INSURANCE COMPANY,

       Plaintiff,

  v.

DAVID FENSTERSHEIB,
et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before this Court on Defendant's Motion for Leave to File Under Seal, ECF No. 171. The Honorable Roy K. Altman referred the instant motion to the undersigned for a report and recommendation. ECF No. 177; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough and careful review of the Motion, the Response and Reply thereto, the record, the applicable law, and being otherwise fully advised in the premises, the undersigned recommends that Defendant's Motion, ECF No. 171, be DENIED for the reasons set forth below.

## BACKGROUND

This action arises from a coverage dispute under Houston Specialty Insurance Company's ("Plaintiff") Policy for Fenstersheib Law Group's and Robert Fenstersheib's ("Defendants") liability in *Beth Israel Outpatient Surgical Center, LLC, et al. v. Fenstersheib Law Group, P.A., et al.*, Consolidated Case No. CACE-19-15541 and CACE-19-0-18545 (Fla. 17th Cir. Ct. 2019) (the "underlying litigation"). ECF No. 76.

Defendants served a notice of claim on Plaintiff and Plaintiff denied coverage. ECF No. 94. In the underlying litigation, Defendants requested that Plaintiff provide a defense and indemnification. ECF No. 94. Plaintiff issued a reservation of rights and this coverage action followed. ECF No. 94.

Throughout this litigation, the Parties engaged in multiple discovery disputes regarding the 2017 Kaufman Rossin Report ("2017 KR Report") and the 2019 Kaufman Rossin Report ("2019 KR Report"). This Court ordered both reports to be produced subject to an agreed-upon confidentiality agreement. ECF Nos. 105, 127. Previously, in a similar matter raised before this Court, Plaintiff moved to file certain exhibits attached to its Motion for Summary Judgment without seal. That motion was opposed, and the Court held a hearing on the motion. During the hearing, the undersigned encouraged the Parties to engage in conferral to agree to certain redactions. To the undersigned's knowledge, the Parties were able to agree on many of the disputed documents that were before this Court. However, Defendant now seeks to file the source documents from the 2019 KR Report and Travelers' Proof of Loss under seal. ECF No. 171. Plaintiff filed a response in opposition and Defendant filed a reply. ECF Nos. 175, 176.

## DISCUSSION

*Parties' Arguments*

Defendant moves this Court to allow it to file the source documents from the 2019 KR Report and Travelers' Proof of Loss under seal to rebut assertions made in Plaintiff's Statement of Facts and its Motion for Summary Judgment. Defendant contends that both documents contain sensitive, confidential, and HIPAA protected information of thousands of non-parties. Defendant argues that it seeks to establish that only $2.3 million of the

total $6.5 million stolen is at issue in this claim and coverage dispute. Defendant further argues that Plaintiff refused to stipulate to this, which created the need to file the instant motion.

Plaintiff responds that Defendant could easily redact the exhibits at issue without needing to file the exhibits under seal. Additionally, Plaintiff argues that Defendant has not met the high threshold for sealing documents related to dispositive motion briefing.

Defendant replies that the redactions of the client names would not alleviate the privacy concerns of the over 400 non-party medical providers. Defendant contends that the exhibits detail the names of the medical providers, dates of service performed, and all the amounts diverted by Mr. Wihlborg from them over the course of the years.

*Analysis*

There is a "common law presumption that judicial records are public documents." *Mathieson v. Am. Media*, *Inc.*, No. 05-80823-CIV-MIDDLEBROOKS/JOHNSON, 2006 WL 8433676, at *2 (S.D. Fla. April 27, 2006); see also *MSP Recovery Claims, Series LLC v. United Automobile Ins. Co.*, No. 20-20887-CIV-ALTONAGA/O'SULLIVAN, 2021 WL 2980598, at *1 (S.D. Fla. June 4, 2021) ("Judges deliberate in private but issue public decisions after public arguments based on public records. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification.") (citation omitted).

The Eleventh Circuit has stated the following in regard to whether a document is a judicial record and should be open to the public:

> [W]hen applying the common-law right of access federal courts traditionally distinguish between those items which may properly be considered public or judicial records and those that may not; the . . . public presumptively ha[s] access to the former, but not to the latter. The test for whether a judicial

record can be withheld from the public is a balancing test that weighs the competing interests of the parties to determine whether **there is good cause to deny the public** the right to access the document.

. . .

[R]elevant factors to consider, includ[e] whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, [and] whether access is likely to promote public understanding of historically significant events.

. . .

[M]aterial filed with discovery motions is not subject to the common-law right of access, **whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits** is subject to the common-law right. The rationale for the distinction was that this "more refined approach" was necessary to account for the unique function discovery serves in modern proceedings.

. . .

The overwhelming majority of documents disclosed during discovery are likely irrelevant to the underlying issues and will not be "heard or read by counsel" or "by the court or other judicial officer." Thus, we had ample reason in *Chicago Tribune* to exempt materials attached to discovery motions from the presumption of public access while retaining that presumption for materials that invoke "judicial resolution of the merits," such as complaints, motions to dismiss, or motions for summary judgment.

*F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 63 (11th Cir. 2013) (internal citations and quotations omitted) (emphasis added).

The decision to seal or unseal a document is within the "sound discretion" of the district court. *Id.* at 61. Further, "[t]he parties' stipulation as to 'confidentiality' during discovery and agreement now as to which documents 'should' be filed under seal does not in any way bind this Court, nor does it provide an adequate basis for the extraordinary measure of sealing documents that the parties seek to file in Court. Absent such a

showing, court files are to remain accessible to the public." *Mathieson*, 2006 WL 8433676, at *2.

Here, the undersigned finds that the extent of what Defendant is trying to establish with these exhibits is extremely limited, and as Defendant concedes, there is other record evidence showing such. With that being said, consistent with the undersigned's previous report and recommendation, the undersigned finds that the exhibits need not be filed under seal to protect the non-parties' privacy interest. The undersigned agrees with Plaintiff that such privacy interests can be protected by proper redaction. However, the undersigned notes that if it is true, as Defendant represents, that the amount at issue in this action only concerns $2.3 million, the Parties should have been able to agree to a stipulation on what appears to the undersigned to be a simple issue, which would have obviated the need for the instant motion. Thus, the undersigned finds that good cause does not exist to file the exhibits under seal and recommends that Defendant's Motion to File Under Seal be DENIED. If the exhibits must be filed, Defendant should be able to redact all privacy information such as HIPAA-protected information, client names, and names of the medical providers whose claims are not the subject of the defense or indemnity sought from Plaintiff.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Defendant's Motion to File Under Seal, ECF No. 171, be DENIED.

Within seven (7) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Any Response to any Objection filed shall be due within seven (7) days of the objection. The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida this 8th day of June 2022.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Roy K. Altman

All Counsel of Record