# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

December 14, 2022

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

FILED BY ___JE___ D.C.
Dec 14, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Appeal Number: 22-13640-CC
Case Style: Houston Specialty Insurance Company v. David Fenstersheib, et al
District Court Docket No: 0:20-cv-60091-RKA

The enclosed copy of this Court's Order of Dismissal is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

Any pending motions are now rendered moot in light of the attached order.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Carol R. Lewis, CC/lt
Phone #: 404-335-6130

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 22-13640-CC

_____

HOUSTON SPECIALTY INSURANCE COMPANY,

                                                    Plaintiff-Appellee,

versus

DAVID FENSTERSHEIB,
FENSTERSHEIB LAW GROUP P.A.,

                                                    Defendants-Appellants.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

Before: WILSON, BRANCH, and LUCK, Circuit Judges.

BY THE COURT:

      This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Defendants seek to appeal the district court's order partially granting plaintiff Houston Specialty Insurance Company's motion for summary judgment on its complaint for declaratory judgment and damages. While the order determined the issue of liability, the amount of damages remains pending before the district court, and a judgment has not been entered. *See* 28 U.S.C. § 1291; *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) ("A final decision is typically one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment."); *Liberty Mut. Ins. Co. v.*

*Wetzel*, 424 U.S. 737, 744 (1976) (explaining that an order granting partial summary judgment on the issue of liability that leaves the assessment of damages or awarding of relief to be determined is not final).

Moreover, the notice of appeal designates an anticipated judgment—not one in existence. *See Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998) (explaining that a notice of appeal must designate an existent judgment or order, not one that is merely expected or within the appellant's contemplation when the notice of appeal is filed); *Robinson v. Tanner*, 798 F.2d 1378, 1385 (11th Cir. 1986) (holding that, where a notice of appeal is filed from a non-final interlocutory order, a subsequent final judgment does not retroactively validate the premature notice of appeal). Federal Rule of Appellate Procedure 4(a)(2) does not confer us with jurisdiction to hold this appeal in abeyance pending the entry of the anticipated judgment because the district court did not announce a decision regarding damages in its order. *See FirsTier Mortg. Co. v. Investors Mortg. Ins. Co.*, 498 U.S. 269, 276 (1991) ("Rule 4(a)(2) permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that *would be* appealable if immediately followed by the entry of judgment."); *see also Gen. Television Arts, Inc. v. S. Ry. Co.*, 725 F.2d 1327, 1330-31 (11th Cir. 1984) (stating that Rule 4(a)(2) "was not intended to validate anticipatory notices of appeal filed prior to the announcement" of an order or judgment).

No motion for reconsideration may be filed unless it complies with the timing and other requirements of 11th Cir. R. 27-2 and all other applicable rules.