UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 20-60091-CIV-ALTMAN/HUNT

HOUSTON SPECIALTY
INSURANCE COMPANY,

        Plaintiff,

  v.

DAVID FENSTERSHEIB,
et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before this Court on Plaintiff's Motion for Bill of Costs, ECF No. 195. The Honorable Roy K. Altman referred the instant motion to the undersigned for a report and recommendation. ECF No. 197; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough and careful review of the Motion, the Response and Reply thereto, the record, the applicable law, and being otherwise fully advised in the premises, the undersigned recommends that Plaintiff's Motion, ECF No. 195, be GRANTED IN PART for the reasons set forth below.

## BACKGROUND

This action arises from a coverage dispute under Houston Specialty Insurance Company's ("Plaintiff") Policy for Fenstersheib Law Group's and Robert Fenstersheib's ("Defendants") liability in *Beth Israel Outpatient Surgical Center, LLC, et al. v. Fenstersheib Law Group, P.A., et al.*, Consolidated Case No. CACE-19-15541 and CACE-19-0-18545 (Fla. 17th Cir. Ct. 2019) (the "underlying litigation"). ECF No. 76.

Defendants served a notice of claim on Plaintiff and Plaintiff denied coverage. ECF No. 94. In the underlying litigation, Defendants requested that Plaintiff provide a defense and indemnification. ECF No. 94. Plaintiff issued a reservation of rights and this coverage action followed. ECF No. 94.

The Parties filed cross-motions for summary judgment. ECF Nos. 156, 159. The District Court granted summary judgment in favor of Plaintiff on Count I of the Amended Complaint and denied the remainder of Plaintiff's motion. ECF No. 193. The Court also denied Defendants' motion for summary judgment as moot. *Id.* Plaintiff now moves for an award of costs as the prevailing party. ECF No. 195. Defendants filed a response in opposition and the Motion is fully briefed.

## **DISCUSSION**

*Parties' Arguments*

Plaintiff moves this Court for an award of taxable costs in the amount of $3,197.60. Plaintiff contends that it is entitled to tax these costs as the prevailing party. Defendants respond that many of the costs sought are excessive and nontaxable. For example, Defendants contend that Plaintiff is seeking to recover for subpoenas that were not necessary in this action and resulted in zero documents being produced. For these excessive subpoenas, Defendants contend that Plaintiff's awarded costs should be reduced by $620. Defendants argue that Plaintiff should not recover the costs for serving Phoenix Insurance Company, the Florida Bar, and Reimer Insurance Group. As to Phoenix Insurance Company, Defendants contend that Plaintiff's costs should be reduced by $375 because one subpoena was sent to the wrong address and included an improper rush fee; another subpoena did not result in any documents; and a third subpoena was

2

improper because it resulted in documents that could have been produced by Defendants and were not relevant to this action. Defendants also argue Plaintiff should not recover the costs for the subpoena to Regency because that subpoena was never served. In relation to the remaining subpoena charges, Defendants contend that Plaintiff's award, if any, should be reduced another $430 ($300 for subpoenas sent to Reimer and $130 for the subpoena sent to the Florida Bar).

Defendants next argue that many of the fees associated with Plaintiff's depositions costs are not recoverable. Specifically, Defendants argue that Plaintiff is seeking to recover for exhibits, condensed files, handling fees, and technology fees, which are not recoverable. Defendants also argue that Plaintiff should not be entitled to recover for its expert and the two hearing transcripts.

Plaintiff responds that the deposition of its expert was necessary because Defendants filed two Daubert motions challenging Plaintiff's expert. As to the expedited fees for both transcripts, Plaintiff contends that the associated fees were necessary because the depositions were transcribed in October and the dispositive motion deadline was at the end of January. As to the subpoenas, Plaintiff argues that it served the subpoenas upon non-parties it believed had information and responsive documents, and therefore the costs should be recoverable.

## ***ANALYSIS***

### *Prevailing Party*

Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to recover costs other than attorneys' fees. Further, Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Trident Int'l, Ltd. v. Imperial Majesty Cruise Line, LLC*,

No. 08-61277-CIV-DIMITROULEAS/SNOW, 2011 WL 845875, at *1 (S.D. Fla. Jan. 19, 2011). "A prevailing party analysis requires a determination of whether a court-ordered material alteration of the legal relationship between the parties has occurred." *Sream, Inc. v. HHM Enter. Partners, Inc.*, No. 16-62641-CIV-BLOOM/VALLE, 2017 WL 3007534, at *2 (S.D. Fla. July 14, 2017).

Here, the District Court granted Plaintiff's Motion for Summary Judgment as to Count I. Further, Defendants do not contest that Plaintiff is the prevailing party. Therefore, the undersigned finds that Plaintiff is the prevailing party and is entitled to an award of costs pursuant to Federal Rule of Civil Procedure 54(d).

*Recoverable Costs*

Accordingly, as Plaintiff is the prevailing party, this Court is permitted to tax as costs only those expenses enumerated in 28 U.S.C. § 1920. *Doria v. Class Action Servs., LLC*, 261 F.R.D. 678, 685 (S.D. Fla. 2009). Under 28 U.S.C. § 1920, the following costs may be taxed:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

1. Filing Fee

Plaintiff seeks to recover the filing fee of $400 paid to the Clerk of this Court. Defendants do not object to this fee within their response. Filing fees are routine expenses in litigation, which

the undersigned finds are compensable.  *See* 28 U.S.C. § 1920(5).  Therefore, the undersigned finds that Plaintiff is entitled to recover the filing fee paid to the Clerk of this Court.

2. Service of Process Fees

Plaintiff seeks to recover $1,185 for fees paid to serve subpoenas in this action.  As previously mentioned, Defendants contend that many of these subpoenas are not appropriate for reimbursement because they did not result in production of any documents and/or were not necessary in this action.  Plaintiff counters this assertion by arguing that Defendants cited no case law in support of their argument.

"[P]rivate process server fees may be taxed pursuant to §§ 1920(1) and 1921." *EEOC v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000).  Such costs are recoverable provided the rate charged does not exceed the cost of having a U.S. Marshal effect service.  *See id.*  28 C.F.R. § 0.114(a)(3) states that the current rate is "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses."

The undersigned agrees with Plaintiff to the extent that fees for service of the subpoenas, which were sent to non-parties believed to have responsive documents, can properly be recovered even if the subpoenas did not yield any documents.  Upon review, many of Plaintiff's invoices exceed the standard $65 charged by the U.S. Marshal's service.  However, after calculation, Plaintiff properly reduced all invoices to $65 and the $1,185 properly accounts for reduction of all invoices that exceed $65.

The undersigned finds that Plaintiff should not be entitled to recover for two subpoenas, one to Phoenix Insurance that was served to the wrong address and the one to Regency that was invoiced but not served.  Plaintiff did not rebut Defendant's arguments in regard to these two subpoenas.  Accordingly, the undersigned finds that

5

Plaintiff is entitled to tax costs in the amount $1,055 ($1,185 - $130) for subpoenas issued in this action.

### 3. Transcript Fees

Plaintiff next seeks an award of taxable costs for fees related to printed or electronically recorded transcripts necessarily obtained for use in the case in the amount of $1,606.60.

"A court may tax costs 'associated with the depositions submitted by the parties in support of their summary judgment motions.'" *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1337 (S.D. Fla. 2009) (quoting *EEOC v. W & O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000)). The burden falls on the non-prevailing party to show that the specific deposition costs were either not necessary for use in the case or that the deposition was not related to an issue present in the case. *Id.* (citing *W & O*, 213 F.3d at 621). "Recoverable costs include deposition-transcript fees and attendance fees of the court reporter or per diem." *DuChateau v. Camp Dresser & McKee, Inc.*, No. 10-60712-CIV-ROSENBAUM, 2012 WL 1069166, at *2 (S.D. Fla. Mar. 29, 2012). Additional expenses that are frequently included in stenographer invoices such as condensed transcripts, electronic transcripts, CD copies, exhibits, and shipping, are not reimbursable because such extra services are typically only for the convenience of counsel. *Davis v. United States*, No. 08-81447-CIV-HURLEY/HOPKINS, 2010 WL 3835613, at *4 (S.D. Fla. Sept. 7, 2010); *Ashkenazi v. S. Broward Hospital District*, No. 11–61403–CIV-COHN, 2014 WL 3673308, at *2–3 (declining to tax costs associated with delivery and exhibits); *but see Feise v. N. Broward Hospital District*, No. 14-61566-CIV-BLOOM/VALLE, 2017 WL 3315144, at *4 (S.D. Fla. Aug. 3, 2017) (noting a split in this Circuit regarding the taxability

6

of transcript postage, handling, and shipping, but ultimately finding that such costs are part of the "fees" of the transcript).

Plaintiff contends that it is entitled to recover the costs for the deposition of its expert because Defendants filed two *Daubert* motions, and the deposition was needed to rebut those motions. Plaintiff also contends that it used the deposition of John Jennings, Plaintiff's corporate representative, in its statement of material facts, and therefore the costs should be recoverable.

As to the hearing transcripts, Plaintiff argues that one transcript was obtained because this Court ordered the Parties to resolve certain discovery disputes and the hearing transcript was ordered for use as a reference. Plaintiff asserts that the other transcript was obtained to ensure that Plaintiff filed exhibits in support of its dispositive motion briefing in compliance with redactions that were discussed at the hearing. Regarding the expedited costs, Plaintiff contends that the costs were necessary because the depositions were transcribed in early to mid-October and the dispositive motion deadline was in late-January.

The undersigned finds that Defendants have not met their burden of showing that the deposition costs of Plaintiff's corporate representative and Plaintiff's expert were not necessary in this action. Defendants filed two *Daubert* motions and Plaintiff asserts it needed the deposition transcript of its expert to rebut those motions. The undersigned finds that Plaintiff is entitled to recover fees associated with the two depositions. Additionally, the undersigned agrees with the *Feise* court and finds that the taxability of transcript postage, handling, and shipping costs are part of the "fees" of the transcript and that Plaintiff should be entitled to those costs.

7

However, the undersigned finds that Plaintiff is not entitled to recover any expedited fees associated with the depositions or transcripts. On some occasions, an impending deadline can provide sufficient justification for expedited fees; this is not one of those occasions. The transcripts were obtained well over two months prior to the dispositive motion deadline. There was no need to rush the transcripts.[1]

As to the necessity of the transcripts, the undersigned finds that they were necessarily obtained in the case. The Court ordered the Parties to confer regarding a few issues during the June 10, 2021 hearing. A transcript would be the most accurate representation of what was discussed and agreed upon. As to the December 16, 2021 hearing, the Parties conferred and agreed to certain redactions regarding certain exhibits. To ensure that the proper redactions are made, it would be prudent of the attorneys to request a transcript to properly ensure the redactions matched what was agreed to at the hearing. Thus, the undersigned finds that Plaintiff is entitled to recover for the costs for these two hearings.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Plaintiff's Motion to Tax Costs, ECF No. 195, be GRANTED IN PART and Plaintiff be awarded taxable costs in the amount of $3,067.60 ($3,197.60 - $130).

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above

---

1. Both Plaintiff and Defendant mention expedited fees associated with the transcripts. However, upon review of the invoices, the undersigned could not find any line item for an expedited or rushed charge as to the transcripts. Therefore, the undersigned will not reduce the award for the transcripts at this time. If such a fee was assessed and is easily identifiable, this fee should be deducted from the total award.

findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); see *Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida this 28th day of July 2023.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Roy K. Altman

All Counsel of Record