UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 20-60091-CIV-ALTMAN/HUNT

HOUSTON SPECIALTY
INSURANCE COMPANY,

        Plaintiff,

    v.

DAVID FENSTERSHEIB,
et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before this Court on the Parties' Joint Notice on the Proper Measure of HSIC's Damages. ECF No. 196.  The Honorable Roy K. Altman referred the instant motion to the undersigned for a report and recommendation.  ECF No. 197; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1.  Upon thorough and careful review of the Joint Notice, the record, the applicable law, and being otherwise fully advised in the premises, the undersigned recommends Plaintiff be awarded damages on only the underlying lawsuit and that further briefing be ordered on the proper amount of damages.

## BACKGROUND

This action arises from a coverage dispute under Houston Specialty Insurance Company's ("Plaintiff") Policy for Fenstersheib Law Group's and Robert Fenstersheib's ("Defendants") liability in *Beth Israel Outpatient Surgical Center, LLC, et al. v. Fenstersheib Law Group, P.A., et al.*, Consolidated Case No. CACE-19-15541 and CACE-19-0-18545 (Fla. 17th Cir. Ct. 2019) (the "Underlying Lawsuit").  ECF No. 76.

Defendants served a notice of claim on Plaintiff, and Plaintiff denied coverage.  ECF No. 94.  In the underlying litigation, Defendants requested Plaintiff provide a defense and indemnification.  ECF No. 94.  Plaintiff issued a reservation of rights, and this coverage action followed.  ECF No. 94.

The Parties filed cross-motions for summary judgment.  ECF Nos. 156, 159.  The District Court granted summary judgment in favor of Plaintiff on Count I of the Amended Complaint and denied the remainder of Plaintiff's motion.  ECF No. 193.  The Court also denied Defendants' motion for summary judgment as moot.  *Id*.  Per the Court's Order, the Parties have filed a joint notice regarding their respective position on fees.  ECF No. 196.

## ANALYSIS

The Parties dispute both the entitlement to certain fees as well as the proper amount of the fees owed.  Both issues will be addressed in order below.

As an initial matter, the Parties do not dispute Plaintiff's entitlement to fees as to the Underlying Lawsuit, although they strongly disagree as to the amounts.  Plaintiff argues it is entitled to a full refund of defense expenses incurred in the Underlying Lawsuit as well as a related Patient Action.  The Patient Action arises from an agreement between the Parties that Plaintiff would defend Defendants against an overlapping case as a "Related Claim" under a complete reservation of rights.  Plaintiff contends "[t]his Court's amended order granting [Plaintiff] HSIC's dispositive motion provides that HSIC is entitled to reimbursement of defense expenses incurred in the Underlying Action and related Patient Action."  ECF No. 196 at 3 (*citing* ECF No. 193 at 23–24).

Defendants argue HSIC should get no fees relating to the Patient Action. Defendants point to *Mt. Hawley Ins. Co. v. Miami River Port Terminal, LLC*, No. 15-22405-CIV-GAYLES/MCALILEY, 2017 WL 8812732, at *3 (S.D. Fla. Nov. 13, 2017), *report and recommendation adopted,* 15-22405-CIV-GAYLES/MCALILEY, 2018 WL 1859332 (S.D. Fla. Mar. 12, 2018), where a court denied the insurer's request for reimbursement of legal fees due to the insurer's failure to plead its entitlement to those fees.  That court found the caselaw "does not support Plaintiff's right to recover fees, without ever having made a demand in its Complaint for that amount."  *Id.*

The undersigned finds the reasoning of the *Mt. Hawley* court applies here.  Plaintiff did not demand fees from the Patient Action, and the District Court's Order does not award them.

Beginning with Plaintiff's Amended Complaint, a plain reading of that document shows that it did not contemplate damages based on the Patient Action.  Instead, it states the case concerns "the underlying lawsuit against the Law Firm by eighteen Medical Providers."  ECF No. 48 at 1.  The underlying lawsuit, as pointed out in a bold, capitalized header, began when "various Medical Providers filed suit over their money that was stolen from the Law Firm's trust account."  *Id.* at 2.  The Complaint is replete with mentions of the Medical Providers' lawsuit but fails to mention the Patient Action at all.

In fact, under its requested relief, HSIC asks only that the Court:

a. Take jurisdiction and adjudicate the rights of the Law Firm under the Houston Specialty policies.

b. Find and declare that Houston Specialty does not have a duty under the 2017 and 2018 policies to defend the Law Firm from the underlying lawsuit by the Medical Providers.

c. Find and declare that Houston Specialty does not have a duty under the 2017 and 2018 policies to pay any judgment against the Law Firm from the underlying lawsuit by the Medical Providers.

d. Award Houston Specialty, from the Law Firm, all the attorney's fees and costs incurred by Houston Specialty to provide the Law Firm with a defense in the Medical Providers' underlying lawsuit since there is no duty to defend.

e. Award Houston Specialty its costs in this action, as well as any other relief that this Court deems, equitable, just, and proper.

*Id.* at 7.

Given that it was not—even once—mentioned, the undersigned finds Plaintiff's Complaint did not concern the Patient Action. This conclusion is borne out by Judge Altman's Order. Judge Altman addressed the "Patient Action" only once, in passing, noting there "was also a second state-court case that overlapped with the Underlying Lawsuit—the so-called 'Patient Action'—which Houston likewise defended under a complete reservation of rights." ECF No. 193 at 10. The remainder of the Order concerned itself only with the Underlying Lawsuit, finding Plaintiff had no duty to defend the Defendants in the Underlying Lawsuit. Because there was no such duty, "it's entitled to recoup the money it spent on that litigation." ECF No. 193 at 23. (emphasis added.)

Judge Altman at no point spoke of Plaintiff's duty to defend in the Patient Action, nor whether Plaintiff is entitled to recoup the money spent on that lawsuit. This makes sense, again, as a plain reading of the Amended Complaint contains no claim relating to the Patient Action. Put simply, the issue was not before the Court, and the Court did not decide the issue.

Plaintiff makes much of the notion that Defendants requested Plaintiff defend the Patient Action as related to the underlying action, which HSIC agreed to do as a "Related Claim" under a complete reservation of rights. Although the claim may have been related,

judging by the Court's Order, it was clearly considered to be a separate claim by the District Court, one that HSIC may or may not have had a duty to defend.

Plaintiff may claim the Court's Order "provides that HSIC is entitled to reimbursement of defense expenses incurred in the . . . related Patient Action." ECF No. 196 at 3. But the Court's order explicitly states, "[b]ecause [Plaintiff] had no duty to defend the Defendants in the Underlying Lawsuit, it's entitled to recoup the money it spent on that litigation." ECF No. 193 at 23. A fair reading of the Order on Summary Judgment shows the Court simply did not analyze any duties with respect to the Patient Action, and that its order concerned only the allegations of the Complaint in the Underlying Lawsuit and Plaintiff's duty to defend that suit. This was proper, as "[a] Court may only decide the issues properly before it." *Se. Legal Found., Inc. v. United States Env't Prot. Div.*, 181 F. Supp. 3d 1063, 1076 (N.D. Ga. 2016).

The issue of Plaintiff's duty to defend the Patient Action was neither before the Court nor decided by the Court. Plaintiff, therefore, cannot now seek to recover damages for its defense of the Patient Action.[1]

Regarding the amount of fees owed, Plaintiff states, "It is too late for Fenstersheib to nitpick the hourly rates and time billed by defense counsel." ECF No. 196 at 2–3. Defendants counter that even if Plaintiff is entitled to fees, Plaintiff must nonetheless prove the reasonableness of the fees requested.

---

[1] Plaintiff also claims Defendants are judicially estopped from contesting its right to reimbursement for its defense of the Patient Action. Again, the Patient Action is not before the Court. Plaintiff's entitlement to damages for defense of the Patient Action is simply not a live issue in this case at this time.

As Defendants state, there is no "unqualified right to incur patently unreasonable attorneys' fees and costs in investigating or defending against claims." *Travelers Cas. And Sur. Co. of Am. V. Grace & Naeem Uddin, Inc.*, No. 08-61868-CIV-COHN, 2009 WL 3878297 (S.D. Fla. Nov. 28, 2009).  Instead, this Court uses the lodestar method to calculate reasonable attorney's fees, multiplying a reasonable hourly rate by the number of hours reasonably expended.  *Norman v. Hous. Auth. Of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  A reasonable hourly rate for attorney's fees is determined by evaluating "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see also ACLU v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999).  The movant bears the burden of proving the requested rate is consistent with prevailing market rates.  *Norman*, 836 F.2d at 1299.

Upon determination of the hourly rate, a court must determine the reasonable number of hours expended in the litigation.  *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).  Inquiry into the reasonable number of hours focuses on an attorney's exercise of "billing judgment," such as the attorney's exclusion of hours "that would be unreasonable to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel."  *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (internal quotation marks omitted) (emphasis omitted).  Fee applicants must exclude hours that were not "reasonably expended" or that are determined to be "excessive, redundant, or otherwise unnecessary" from their fee calculations.  *Hensley*, 461 U.S. at 434.

Rule 7.3 of the Local Rules of this District provides extensive instructions governing how Parties should engage when seeking fees.  There is no evidence before the Court that any of these procedures have been followed.  Compliance with this Rule is important; indeed, "[n]oncompliance with Local Rule 7.3 is sufficient reason to deny [a] Motion [for Attorney's Fees]." *Koppelman v. Galt Ocean Manor Condo. Ass'n, Inc.*, No. 16-62175-CIV-BLOOM/VALLE, 2017 WL 7411025, at *3 (S.D. Fla. Dec. 1, 2017), *report and recommendation adopted*, No. 16-62175-CIV-BLOOM/VALLE, 2017 WL 7411184 (S.D. Fla. Dec. 21, 2017) (internal quotation omitted). However, such harsh medicine is not required here.  Instead, the Parties should be ordered to confer in good faith and follow the procedures outlined in the Local Rules regarding motion practice on the issue.[2]

## RECOMMENDATION

Based on the foregoing, the undersigned RECOMMENDS that:

a)  Plaintiff be awarded damages on only the underlying lawsuit; and

b)  further briefing be ordered on the proper amount of damages consistent with this Report and Recommendation and the Local Rules of this District.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above

---

[2] Plaintiff also argues that it is entitled to both pre- and post-judgment interest.  It is unclear whether Defendants oppose this request.  Defendants likewise argue Plaintiff should be limited to those fees already disclosed in discovery, but it does not appear that Plaintiff has had an opportunity to respond to this argument.  This is understandable, as the nature of the Joint Notice was not conducive to extensive briefing on these topics. The undersigned finds the issue would benefit from further conferral, and, if necessary, further briefing. Should the Parties be unable to resolve their issues after conferral, the Parties should further address these issues in their Motions.

findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); see *Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida this 31st day of May 2024.

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Roy K. Altman
All counsel of record.