UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-60091-ALTMAN/Hunt

HOUSTON SPECIALTY INSURANCE
COMPANY,

    *Plaintiff*,

v.

DAVID FENSTERSHEIB, *et al.*,

    *Defendants*.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On October 17, 2022, the parties filed a Joint Notice on the Proper Measure of HSIC's Damages [ECF No. 196]. Three days later, we referred "the determination of [the Plaintiff's] damages" to United States Magistrate Judge Patrick M. Hunt. *See* Order [ECF No. 199]. On May 31, 2024, Magistrate Judge Hunt issued a Report and Recommendation (the "Report") [ECF No. 217], in which he suggested that "Plaintiff be awarded damages on only the underlying lawsuit and that further briefing be ordered on the proper amount of damages." Report at 1. Magistrate Judge Hunt also issued the following warning:

> Within (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

*Id.* at 7–8. That deadline has passed, and neither party has filed written objections to the Report. *See generally* Docket.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the Report, the record, and the applicable law—and finding no clear error on the face of the Report—we hereby **ORDER and ADJUDGE** as follows:

1. The Report and Recommendation [ECF No. 217] is **ACCEPTED and ADOPTED** in full.

2. Damages are **GRANTED** to the Plaintiff as to the underlying lawsuit *only*. No damages are awarded for the separate "Patient Action."

3. As to the amount of these damages, we will set a status conference to discuss next steps.

4. This case remains **CLOSED**.

**DONE AND ORDERED** in the Southern District of Florida on June 17, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record